IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE LEE ADAMS, SR.,              No. CIV S-06-1955-GEB-CMK-P

    Petitioner,

  vs.                                  ORDER

JUDGE W. HARRIS,

    Respondent.

                                    /

          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 12, 2006, the court issued an order dismissing the petition with leave to amend because the petition had not named the appropriate respondent.  Petitioner was instructed to file an amended petition which named the person having custody over him, see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994), who is typically the prison warden.  On November 20, 2006, petitioner filed an amended petition, this time naming as the respondent "[Correctional Officer] Mitter, State of California, In Chain of Command."  By definition, a correctional officer is not the warden.  Therefore, as with the original petition, the amended petition does not name the correct respondent and will be dismissed with leave to amend.  Petitioner must name the actual warden of the prison where he is currently incarcerated.  Failure to comply may result in dismissal of this action.  See Local Rule 11-110.

          Also before the court is petitioner's document entitled "Motion for Dismissal" (Doc. 17), filed on October 12, 2006.  The court observes that this is not a motion in the sense

that petitioner seeks dismissal the action or particular claims. Rather, petitioner offers various arguments why the state trial court's sentence should not be "dismissed." As such, the document is construed as points and authorities in support of petitioner's petition. The document will be disregarded as improperly filed. Petitioner may include the arguments contained in this document in his amended petition.

Finally, the court notes that the amended petition filed on November 20, 2006, is also defective because it does not state any grounds for relief. While his original petition included specific factual allegations and legal claims, the amended petition refers to exhibits which are not attached. Petitioner is cautioned that his amended petition must set forth each claim for relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended petition for writ of habeas corpus (Doc. 22) is dismissed with leave to amend;

2. Petitioner shall file an amended petition on the form employed by this court, and which names the proper respondent (i.e., the warden of the prison where he is currently incarcerated) and states all claims and requests for relief, within 30 days of the date of this order;

3. Petitioner's "Motion for Dismissal" (Doc. 17) is disregarded; and

4. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application.

DATED: December 6, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE