IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIMMIE L. ADAMS, SR., | | No. CIV S-06-1955-GEB-CMK-P |
| Petitioner, | | |
| vs. | | FINDINGS AND RECOMMENDATIONS |
| RICHARD KIRKLAND, | | |
| Respondent. | | |
| _____/ | | |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 33), filed on May 22, 2007.  Petitioner has not filed an opposition.

        In his motion to dismiss, respondent argues that the instant petition does not challenge the fact or duration of confinement and, therefore, does not present a claim cognizable under § 2254.  Specifically, respondent asserts that petitioner is challenging the conditions of his confinement with respect to the termination of anti-psychotic medication.  When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Likewise,

1

1  where a prisoner challenged the conditions of confinement, as opposed to the fact or duration of
2  confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v.
3  Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).
4       The question for this court is whether the instant petition presents a challenge to
5  the fact or duration of confinement – in which case it would be cognizable under § 22254 – or
6  whether it challenges the conditions of confinement – in which case it would not be cognizable
7  under § 2254.  A review of the amended petition reflects that petitioner complains that prison
8  officials have improperly discontinued his anti-psychotic medications.  Because such a claim
9  relates to the conditions of petitioner's confinement and does not attack the validity of the
10 underlying conviction or sentence, the court agrees with respondent that the claim is not
11 cognizable under § 2254.
12      Based on the foregoing, the undersigned recommends that:
13      1.    Respondent's motion to dismiss be granted; and
14      2.    This action be dismissed, without prejudice.
15      These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
17 after being served with these findings and recommendations, any party may file written
18 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
19 Findings and Recommendations."  Failure to file objections within the specified time may waive
20 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21
22 DATED:  August 16, 2007.
23
24                                           CRAIG M. KELLISON
25                                           UNITED STATES MAGISTRATE JUDGE
26